IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARNOLD H. EATON,

Petitioner,

Civil No. 05-1103-AA

v.

ORDER

S. BLACKLETTER,

Respondent.

AIKEN, District Judge.

Petitioner is in the custody of the Oregon Department of Corrections after convictions for Attempted Murder, Attempted Rape in the First Degree and Sexual Abuse in the First Degree. Following a jury trial, the court found petitioner to be a dangerous offender and sentenced him to a maximum of 60 years imprisonment and a minimum of 30 years imprisonment.

Petitioner appealed his convictions and filed a petition for post-conviction relief and a successive petition for post-

conviction relief. Petitioner's appeal and post-conviction petitions were denied. Respondent acknowledges that petitioner has no remaining state remedies on the issues raised in this habeas corpus proceeding.

Petitioner's petition in this proceeding alleges that 1.) his attempted murder conviction should be reversed because trial counsel failed to object to the trial court's omission of an element of that offense when instructing the jury; and 2.) his sentence for attempted rape should be reversed because trial counsel failed to object to the sentencing judge finding that petitioner's offenses seriously endangered the life or safety of the victim, rather than submitting that question to the jury.

Respondent contends that relief on petitioner's claims should be denied because the Oregon state-court decisions denying relief on these claims was neither "contrary to," nor an "unreasonable application of," the ineffective assistance of counsel standard outlined in Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner raised his claims that his trial counsel was ineffective for failing to "object to the trial court omitting the material elements the grand jury alleged in the indictment constituting a substantial step toward the commission of the crime while instructing the jury" [Ground One - Claim I] and

for failing to "move the court for a jury determination as to, 'seriously endangering the life or safety of another when considering a Class B felony as the vehicle to a Dangerous Offender enhancement" [Ground One - Claim II] in the fifth amended petition filed in petitioner's first post-conviction proceeding and on petitioner's first post-conviction proceeding appeal. See, Respondent's Exhibits to Answer (#36), Exhibits 114, 141 and 144.

The post-conviction trial court made the following findings:

> 4. The trial court instructed the jury regarding the charges of attempted murder and attempted rape at the close of the evidentiary stage of petitioner's trial. The trial court clarified the elements of the crimes charged in the indictment after the jury began its deliberations and then addressed three questions to the court. The trial court's instructions were consistent with the allegations of the indictment and instructed the jury as to the correct elements of the alleged crimes.
>
> 5. If the trial court's initial instructions were objectionable, any potential harm was cured by clarifying instructions the court provided in response to the jury's questions.
>
> ....
>
> 11. At the time of petitioner's conviction, ORS 161.725 required that the trial court find that a defendant found to have committed a Class A Felony such as Attempted Murder 'was suffering from a severe personality disorder indicating a propensity toward criminal activity' ... before imposing a dangerous offender sentence. For all other felonies, ORS 161.725(2) required a finding that the 'defendant [was] being sentenced for a felony that seriously endangered the life or safety of another.
>
> 12. The trial court made appropriate findings to

support the imposition of sentences under the dangerous offender statute. The court found that petitioner suffered from a severe personality disorder indicating a propensity toward criminal activity and that petitioner was being sentenced for a felony that seriously endangered the life and safety of another, that he has been previously convicted of a felony that was not related to the crime at issue in the sentencing hearing.

Respondent's Exhibits to Answer (#36), Exhibit 134 at p. 6-7.

The court made the following conclusions:

1. In the underlying criminal proceeding resulting in petitioner's conviction, petitioner was not denied the right to effective assistance of counsel, as guaranteed by either the United States Constitution or the Constitution of the State of Oregon.

5. Petitioner did not prove by a preponderance of the evidence that he was prejudiced by any of the errors alleged in his petition for post-conviction relief.

6. Petitioner did not prove by a preponderance of the evidence that the trial court incorrectly instructed the jury.

7. Petitioner did not prove any of his claims by a preponderance of the evidence.

Id. p. 10-11.

Claim I: Petitioner's Claim I appears to be that his trial counsel performed ineffectively by failing to object to the trial court's instruction to the jury on the attempted murder charge on the ground that it omitted the "stab" allegation, which petitioner argues omitted a material element of the attempted murder charge alleged in the indictment.

In Oregon, a person commits attempted murder if he engages in conduct that constitutes a substantial step towards intentionally causing the death of another human being. See,

ORS 161.405(1); ORS 163.005(1), and ORS 163.115(1)(a). To commit attempted murder it is not necessary for a defendant to use a weapon in a particular manner, or that a weapon be used at all. Id. passim.

In this case the trial court instructed the jury on petitioner's attempted murder charge as follows:

> To establish the crime of attempted murder, the State must prove beyond a reasonable doubt each of the following elements:
>
> First, that the act was committed in Washington County, Oregon.
>
> Secondly, that the act was committed on or about the 20th day of March, 1985.
>
> Thirdly, that [petitioner] intentionally attempted to cause the death of [the victim], another human being.
>
> Oregon law provides that a person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step towards the commission of the crime.

This instruction accurately states all of the elements of attempted murder under Oregon law. As noted in Respondent's PCR appellate brief: "Because the other language in that count adequately alleged all of the statutory elements of the crime of attempted murder, the "stab" allegation was mere surplusage that described the **manner** in which petitioner committed the crime. As such, any nonprejudicial variation between the pleading and proof on that allegation is inconsequential." Respondent's Exhibit (#142) p. 10.

Thus, counsel had no basis to object to the instruction

and the Oregon post-conviction relief courts' denial of petitioner's claim was not contrary to, or an unreasonable application of the Strickland standard for constitutionally ineffective assistance of counsel.[1]

Claim II: Petitionre's second ineffective assistance of counsel claim alleges that counsel performed ineffectively by failing to object to the dangerous offender sentence imposed for petitioner's attempted rape conviction on the ground that a jury, rather than the sentencing judge, was required to make the finding that petitioner's offenses seriously endangered the life of his victim.

At the time petitioner was convicted and sentenced, the relevant statute governing dangerous offender felonies provided that a sentencing court could find a defendant to be a dangerous offender if it found:

> "The defendant is being sentenced for a felony that seriously endangered the life and safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity towards criminal activity."

ORS 161.725(2) (1984).

In this case, the sentencing judge found: "As to both

---

[1]Under Strickland, a petitioner claiming ineffective assistance of counsel must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 689, 688 (1984); see also, Bell v. Cone, 535 U.S. 685 (2002).

Counts I [attempted murder] and 2 [attempted rape], the defendant is being sentenced for a felony that seriously endangered the life or safety of another." That finding is supported by the record before the court.

Approximately one year after petitioner sentencing hearing the Oregon Court of Appeals held that ORS 161.725(2) (1984) was unconstitutional under the Oregon Constitution, to the extent it allowed a judge, rather than a jury, to find that a defendant's crimes seriously endangered the life or safety of another. See, State v. Mitchell, 84 Or. App 452, 734 P.2d 379, rev. denied, 303 Or 590 (1987).

However, in reviewing ineffective assistance of counsel claims under the Sixth Amendment, there is no expectation or requirement that in order to be constitutionally effective, an attorney must anticipate changes in the law. See, Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir. 2004) ("Strickland does not mandate prescience, only objectively reasonable advice under prevailing professional norms."); Strickland v. Washington, supra at 689 ("counsel's performance is fairly evaluated from the counsel's perspective at the time"); Lilly v. Gilmore, 988 F.2nd 783, 786 (7th Cir. 1993) (counsel not required to forecast changes or advances in the law).

Thus, under the circumstances of this case, the PCR court(s) reasonably decided that petitioner's trial attorney

was not ineffective for failing to object to the trial court finding that petitioner's offenses seriously endangered the life of another.

Respondent acknowledges that in Lovelace v. Zenon, 159 Or. App 158, 976 P.2d 575 (1999), "a divided panel of the Oregon Court of Appeals found that trial counsel performed ineffectively by failing to object to a judge, rather than a jury, finding that the petitioner's assault in the second degree conviction seriously endangered the life or safety of the victim, even tough the petitioner thee was also sentenced before State v. Mitchell was decided." Response to Habeas Petition (#34) p. 14.

However, I agree with respondent's argument that that Lovelace is distinguishable and not controlling of the case before the court in that Lovelace was apparently decided under the Oregon Constitution's ineffective of counsel standard, not the Constitution of the United States. Id.

Moreover, in Lovelace, the court was not determining whether the PCR court decision was contrary to or an unreasonable application of the Strickland standard, which is the issue before the court in this proceeding.

In addition I find that petitioner's Claim II fails as a factual matter. By convicting petitioner of attempted murder and attempted rape, the jury found beyond a reasonable doubt that petitioner committed acts constituting the elements of

those offenses - acts which seriously endangered the life or safety of the victim. In other words a jury determination of the dangerous offender elements was implicit in the jury verdict. Accordingly, assuming it was otherwise actionable, which I find it is not, petitioner was not prejudiced by his attorney's failure to object to the judge's finding in this regard.

Based on all of the foregoing, I find that the PCR courts' decision regarding petitioner's ineffective assistance of counsel claims was not "contrary to" nor an "unreasonable application of" the ineffective assistance of counsel standard set forth in Strickland, and is supported by the record before this court.

Petitioner's Petition (#1) is denied. This proceeding is dismissed.

DATED this 19 day of March, 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge